IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-355-BM

| | |
|---|---|
| CARMETTA HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FRANK BISIGNANO, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Carmetta Harris ("Plaintiff" or, in context, "Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of her application for a period of disability and disability insurance benefits ("DIB"). This matter is before the court on Plaintiff's brief [DE-13] ("Pl.'s Brief") seeking judgment in her favor and Defendant's responsive brief [DE-16] ("Def.'s Brief") in opposition. The time for filing responsive briefs has expired pursuant to the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), and this case is ripe for adjudication. The parties have consented to entry of final judgment by a United States magistrate judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fourth Circuit. Having reviewed and considered the record, the administrative transcript, the briefs submitted by the parties, and the applicable law, the court allows Plaintiff's brief [DE-13], denies Defendant's brief [DE-16], and remands the case to the Commissioner for further proceedings consistent with this order.

## I. STATEMENT OF THE CASE

Plaintiff protectively filed an application for a period of disability and DIB on July 27, 2020, alleging disability beginning January 20, 2020. Transcript of Proceedings ("Tr.") 187, 189.

Her claim was denied initially on December 1, 2020. Tr. 216-19. Plaintiff filed a request for reconsideration (Tr. 225), and was denied upon reconsideration on June 1, 2021 (Tr. 226-30). On June 3, 2021, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 231-32. A hearing before ALJ Katherine Wisz ("ALJ Wisz") was held on November 8, 2021, at which Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified. Tr. 34-57. On December 10, 2021, ALJ Wisz issued a decision denying Plaintiff's request for benefits. Tr. 13-33.

On December 10, 2021, Plaintiff requested a review of ALJ Wisz's decision by the Appeals Council. Tr. 294-96. On June 9, 2022, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. Plaintiff filed a subsequent application for a period of disability and DIB on June 17, 2022. *See* Tr. 1687-96. Plaintiff then filed a complaint in this court seeking review of the then-final administrative decision. Tr. 1660-61; *see also Harris v. Kijakazi*, 5:22-CV-311-RN (E.D.N.C. filed August 16, 2022). On April 21, 2023, United States Magistrate Judge Robert T. Numbers, II granted the Commissioner's consent motion to remand the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. Tr. 1666.

On May 30, 2023, the Appeals Council issued an order vacating the final decision, and remanding the case for further proceedings (Tr. 1673-79) for resolution of the issue that the ALJ's written decision did "not contain an evaluation of the nature, severity, and limiting effects of [Plaintiff's] lumbar spine impairment(s)" (Tr. 1675).

In its remand order, the Appeals Council directed the ALJ to, *inter alia*, give further consideration to: (1) "the nature, severity, and limiting effects of [Plaintiff's] lumbar spine impairment(s)"; and (2) "[Plaintiff's] maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed

2

limitations." Tr. 1676. With regard to Plaintiff's "subsequent claim for Title II disability benefits[,]" the Appeals Council provided that its "action with respect to the current electronic claim renders the subsequent claim duplicate." *Id.* The Appeals Council, therefore, directed the ALJ to "consolidate the claims files, associate the evidence, and issue a new decision on the consolidated claims [pursuant to ]20 CFR 404.952 and 416.1452 and HALLEX I-1-10-10[]." *Id.*

A second administrative hearing was held before ALJ Wisz on September 18, 2023, at which Plaintiff, represented by counsel, and a different VE appeared and testified. Tr. 1594-631. On February 27, 2024, ALJ Wisz issued a partially favorable decision finding that Plaintiff was not disabled prior to December 1, 2023, but became disabled on that date and continued to be disabled through the date of the decision. Tr. 1560-93. Plaintiff then filed the instant complaint in this court seeking review of ALJ Wisz's second administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting

3

evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 404.1520 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity ["SGA"]," *i.e.*, currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity ["RFC"] to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a(b)-(c). This regulatory scheme

4

identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* § 404.1520a(e)(4).

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found that Plaintiff "was not disabled prior to December 1, 2023, but became disabled on that date and has continued to be disabled through [February 27, 2024,] the date of [the] decision." Tr. 1582-83 (internal citations omitted). At step one, the ALJ determined Plaintiff had not engaged in substantial gainful employment since December 1, 2023. Tr. 1567.

Next, at step two, the ALJ determined that as of January 20, 2020, Plaintiff had the following severe impairments: meniscal tear, treated with patellofemoral arthroplasty and artificial joint; knee osteoarthritis; and obesity. Tr. 1567.

The ALJ found that the medical evidence documented "a host of chronic or transitory conditions/ailments"[1] (Tr. 1568) determined to be non-severe (Tr. 1570). The ALJ noted, in part, that "[t]he clinical record shows that the [Plaintiff] either received successful conservative management of the chronic conditions or successful, brief, conservative treatment with resolution

---

[1] The ALJ listed the following non-severe impairments: human immunodeficiency virus/acquired immunodeficiency syndrome; leukocytosis; gum disease; vitamin D deficiency; vitamin B12 deficiency, disorder of adrenal gland; thrombophilia; diabetes mellitus; hyperlipidemia; hypokalemia; hypomagnesemia; headache; nonsustained ventricular tachycardia; hypertension; vertigo; gout; insomnia; asthma; bacterial sinusitis; bacterial pneumonia; upper respiratory infection; influenza; bronchitis; obstructive sleep apnea; uterine fibroids; mastalgia; abdominal hernia; hiatal hernia; pruritic; cellulitis; irritable bowel syndrome; colitis; gastroesophageal reflux; salmonella gastroenteritis; hyperglycemia; diverticulitis; hemorrhoids; gastritis; peptic ulcer disease; cystitis; depression; generalized anxiety disorder; panic disorder; cocaine abuse; and alcohol addiction. Tr. 1568-1570.

5

of the acute/transitory impairments or ailments" and that "[t]he evidence does not reveal that these impairments result in any work-related limitations." Tr. 1570.

With regard to lumbar spinal impairment(s), the ALJ determined that Plaintiff had the non-severe impairments of degenerative disc disease and lumbar radiculopathy. Tr. 1570. The ALJ then found Plaintiff's complaints of the following to be "merely symptoms" and not medically determinable impairments by definition: low back pain since 2015; sciatica; urinary incontinence; muscle spasm; chest pain since April 13, 2021; palpitations; malaise; blurred vision; and hematuria. Tr. 1572. In making this finding, the ALJ noted "the medical evidence of record shows no imaging studies or other objective findings, or clinical signs regarding these complaints." Tr. 1572.

At step three, the ALJ concluded Plaintiff's impairments both physical and mental, were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 1570. Applying the technique prescribed by the regulations, the ALJ found that Plaintiff's mental impairments have resulted in mild limitation in understanding, remembering, or applying information; mild limitation in interacting with others; mild limitation in concentrating, persisting, or maintaining pace; and mild limitation in adapting or managing oneself. Tr. 1571-72.

Prior to proceeding to step four, the ALJ assessed Plaintiff's RFC, finding Plaintiff had the ability to perform light work[2] with the following limitations:

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If an individual can perform light work, he or she can also perform sedentary work, unless there are additional limiting factors such as the loss of fine dexterity or the inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles

6

> [She can] occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; sit, stand, walk six hours each in an eight-hour workday; frequently climb ramps, stairs; occasionally climb ladders, ropes, scaffolds; frequently balance, as that term is defined in the DOT; frequently stoop, kneel, crouch, crawl; tolerate occasional exposure to vibration and hazards[.]

Tr. 1575.

In making this assessment, the ALJ found "that beginning on January 20, 2020, the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" and that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms *are consistent* with the objective medical evidence and other evidence."[3] Tr. 1576 (emphasis added).

At step four, the ALJ concluded Plaintiff did not have the RFC to perform the requirements of her past relevant work as a certified nurse assistant, as actually or generally performed. Tr. 1580. At step five, upon considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that (i) prior to December 1, 2023, there were jobs existing in significant numbers in the national economy that Plaintiff could perform, however (ii) beginning on December 1, 2023, there are no jobs existing in significant numbers in the national economy that Plaintiff can perform.

---

like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a); S.S.R. 96-9p, 1996 WL 374185, at *3 (July 2, 1996). "Occasionally" generally totals no more than about 2 hours of an 8-hour workday. S.S.R. 96-9p, 1996 WL 374185, at *3. "Sitting" generally totals about 6 hours of an 8-hour workday. *Id*. A full range of sedentary work includes all or substantially all of the approximately 200 unskilled sedentary occupations administratively noticed in 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1. *Id*.

[3] The ALJ's finding that Plaintiff's statements *are* consistent with the objective medical evidence and other evidence, appears to conflict with the balance of the ALJ's decision, as well as the Commissioner's brief. The Commissioner's brief, citing Tr. 1576, provides "the ALJ explained that although Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of such symptoms *were not entirely consistent* with the medical evidence and other evidence in the record." Def.'s Brief [DE-16] at 11-12 (emphasis added). While the ALJ's finding that Plaintiff's statements are consistent with the evidence may likely be a typographical error in the written decision, the court notes this issue *sua sponte* for completeness of the record and so that it may be addressed as necessary on remand. This issue is not raised by either party, and the court specifically notes that this discrepancy does not impact its ruling herein.

Tr. 1581-82. The ALJ, therefore, found Plaintiff disabled beginning on December 1, 2023.

## V. OVERVIEW OF PLAINTIFF'S CONTENTIONS

In this case, Plaintiff alleges the ALJ erred by: (1) failing to account for her lumbar degenerative disc disease ("DDD"), degenerative joint disease ("DJD"), and radiculopathy in the RFC, finding that it did not meet the minimal threshold of a severe impairment; and (2) failing to perform a proper function-by-function analysis of her ability to stand and walk when assessing the RFC. Pl.'s Brief [DE-13] at 1.[4] Each will be discussed below.

## VI. DISCUSSION

**A.     Accounting for DDD, DJD, and radiculopathy in the RFC**

Plaintiff contends that the ALJ erred by failing to account for Plaintiff's lumbar DDD, DJD, and radiculopathy in the RFC, finding that it did not meet the minimal threshold of a severe impairment. Pl.'s Brief [DE-13] at 1. The Commissioner counters that "the ALJ acknowledged and recognized that Plaintiff had evidence of a lumbar spinal impairment, but it did not rise to the level of a severe impairment." Def.'s Brief [DE-16] (citing Tr. 1570).

In response to the Appeals Council directive to consider Plaintiff's lumbar spinal impairments (Tr. 1675-77), the ALJ noted the following:

> [T]here is evidence of [DDD] and lumbar radiculopathy identified as of May 28, 2021 . . . These impairments, too, are found to be nonsevere. MRIs taken on March 24, 2021, and January 17, 2023, demonstrate mild, stable degeneration in the lumbar spine, without herniation, stenosis or compressive nerve root encroachment . . . . Physical examinations have not indicated any clinical signs of neurological deficit or significant effect on [Plaintiff's] gait and station. A limp was reported on May 28, 2021, but the same report for the same date also indicates normal gait and station. Range of motion was full, albeit subjectively painful. There was no strength deficit or sensory or reflex . . . Gait is described as slow, steady, and stable on July 29 and November 14 and 28, 2022, with no muscle strength, neurological,

---

[4] Except for citations to the Transcript of Proceedings ("Tr."), all citations to documents using the docket entry number [DE-] provided in the court's docket will specify the page number automatically assigned by the CM/ECF system, rather than the page number, if any, specified in the original document.

8

> or reflex deficits. On May 1, 2023, the claimant specifically denied gait instability
> or numbness, weakness, or paresthesia[] . . .

Tr. 1570.

Plaintiff argues that "contrary to the ALJ's characterization of her imaging, [Plaintiff] does not suffer from only mild disease." Pl.'s Brief [DE-13] at 15. Plaintiff notes that March 5, 2021 records from her orthopedic provider document "2 views of the lumbar spine showed severe degenerative changes between L4 and S1." *Id.* (quoting Tr. 1414). Plaintiff also highlights that while her March 24, 2021, lumbar MRI displayed only mild disc space narrowing, it also displayed moderate facet joint and ligament hypertrophy. *Id.* (citing Tr. 1438). Finally, Plaintiff argues that while the contact with her nerve roots was found to be mild, it does not render such contact irrelevant. *Id.* (citing Tr. 1438-39). Plaintiff also highlights that at Disability Determination Services ("DDS") physician Michael Koch, M.D. ("Dr. Koch") found that Plaintiff's "lumbar spinal stenosis" was Plaintiff's primary impairment and was severe. *Id.* at 16 (citing Tr. 210). In the remand order, the Appeals Council specifically acknowledged Dr. Koch's finding, and notes that "[a]lthough the [ALJ] found his findings persuasive in part, the [ALJ] did not discuss or analyze claimant's lumbar spine impairment(s)." Tr. 1675-76.

The ALJ does not appear to address the evidence documenting "severe" or "moderate" medical findings noted above. The ALJ is not required to discuss every piece of evidence in the record. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citations omitted). Yet where a court is "left to guess about how the ALJ arrived at [her] conclusions on [a claimant's] ability to perform relevant functions . . . , remand is necessary." *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015))." "[A]ny error at step two in failing to properly consider whether an impairment is severe may be harmless where the ALJ considers that impairment in subsequent

9

steps." *Barfield v. Colvin*, No. 4:15-CV-135-F, 2016 WL 4705672, at *3 (E.D.N.C. Aug. 19, 2016), *report and recommendation adopted*, No. 4:15-CV-00135-F, 2016 WL 4705545 (E.D.N.C. Sept. 8, 2016) (citing *Jones v. Astrue*, No. 5:07-CV-452-FL, 2009 WL 455414, at *2 (E.D.N.C. Feb. 23, 2009) (unpublished)). The court finds, however, that the ALJ fails to appropriately consider the pain resulting from Plaintiff's lumbar DDD, DJD, and radiculopathy in the RFC for the reasons discussed below.

Plaintiff contends that "the record demonstrates that she indeed suffered from high levels of pain in her lower back which radiated into her legs." Pl.'s Brief [DE-13] at 15. The Commissioner counters that "it is not enough to simply have an impairment, but '[t]here must be a related functional loss.'" *Id.* at 8 (alteration in original) (quoting *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)). The Commissioner reasons that "if a claimant's pain or other symptoms from an impairment 'can be reasonably controlled by medication or treatment,' like here, then the impairment 'is not disabling.'" Def.'s Brief [DE-16] at 8. The Commissioner notes that Plaintiff testified "that she was not a big fan of the pain medication the doctor prescribed" and "only takes a half of one about once a week and takes Tylenol if she has any back or leg pain." *Id.* (citing Tr. 1617-18). The ALJ does not cite or discuss this evidence in her decision. The Commissioner's argument here appears to be *post-hoc* reasoning, and the court will generally not credit such *post-hoc* rationalizations. *See Lewis v. Saul*, No. 7:19-CV-246-FL, 2021 WL 826777, at *5 (E.D.N.C. Feb. 8, 2021) (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 109 (4th Cir. 2020)); *see also Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) (the court may only affirm an ALJ's decisions based on the reasons the ALJ gave).

The ALJ notes medical records, which document Plaintiff's reports of back pain. *See* Tr. 1576 ("[Plaintiff] began to report increased pain in March 2018, with pain radiating from the low

10

back down the left leg."). Yet in her written analysis, the ALJ does not consider whether the pain resulting from Plaintiff's DDD and lumbar radiculopathy could lead to a functional loss. The ALJ appears to reason that in the absence of weakness, numbness, paresthesia, sensory deficits or deficits in strength or range of motion upon examination, Plaintiff's pain would not be disabling. Indeed, the ALJ specifically notes that Plaintiff's "[r]ange of motion was full, albeit subjectively painful." Tr. 1570. This line of reasoning is inconsistent with the Fourth Circuit's holdings in *Oakes* and *Arakas*.

The Fourth Circuit has held in *Oakes v. Kijakazi* that if a claimant's "medically determinable impairment . . . could reasonably be expected to produce [Plaintiff's] alleged symptoms," *cf.* 28 C.F.R. § 1529(c), a claimant may "rely exclusively on subjective evidence to prove that [his] symptoms [are] so continuous and/or severe that they prevented [him] from working." *Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (second, third, and fourth alterations in original) (quoting *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020). The Fourth Circuit went on to note that "[s]eparate and apart from [her] literal mobility, [Plaintiff] can qualify for benefits if [s]he is in sufficient pain [and t]he ALJ failed to meaningfully address this theory of qualification such that this Court may engage in judicial review." *Id.* at 216.

Accordingly, while *contradictory* medical or other evidence may discredit Plaintiff's subjective statements regarding the limiting effects of her pain, a *mere absence* of medical evidence cannot, provided that objective medical evidence confirms that Plaintiff has a condition reasonably likely to cause the pain claimed. *See Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023) ("[B]ecause pain is subjective [it] cannot always be confirmed by objective indicia[.]") (second alteration in original) (quoting *Craig*, 76 F.3d at 595); *see also Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006) ("Having met his threshold obligation of showing

11

by objective medical evidence a condition reasonably likely to cause the pain claimed, [the claimant] was entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that his pain is so continuous and/or so severe that it prevents him from working a full eight hour day.").

At the second administrative hearing before the ALJ, Plaintiff testified that pain limited her ability to stand or sit for longer than 15 minutes. *See* Tr. 1614, 1618. The ALJ found that "beginning on January 20, 2020, [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms." Tr. 1576. Yet the ALJ does not explore whether Plaintiff's pain could lead to functional limitations alleged. Notably, Plaintiff did not testify that she lacked the strength or range of motion to walk, but that pain limited her. *See* Tr. 1614, 1618.

The ALJ's failure to consider the limiting effects of Plaintiff's pain under *Oakes* and *Arakas* frustrates meaningful review by this court. To be clear, the court expresses no opinion as to whether Plaintiff does or does not require additional limitations to accommodate her pain. The court only seeks to ensure that the ALJ properly addresses Plaintiff's allegations of pain in accordance with applicable case law. The lack of explanation and analysis in the ALJ's decision frustrates meaningful review by the court, as the court is left to guess at how the ALJ came to her conclusions.

Accordingly, this case is remanded to the Commissioner for further proceedings. On remand, the Commissioner should include a narrative discussion about how the evidence leads to each conclusion.

## B. Function-by-function analysis of Plaintiff's ability to stand and walk

Plaintiff contends that the ALJ failed to perform a proper function-by-function analysis of

Plaintiff's ability to stand and walk when assessing the RFC. Pl.'s Brief [DE-13] at 1. The Commissioner argues that "after carefully considering the record, the ALJ explained that although Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of such symptoms were not entirely consistent with the medical evidence and other evidence in the record."[5] Def.'s Brief [DE-16] at 11-12 (citing Tr. 1576).

The court notes that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *McNeill v. Saul*, No. 5:20-CV-244-M, 2021 WL 3701348, at *3 (E.D.N.C. June 2, 2021) (alterations in original) (quoting *Mascio*, 780 F.3d at 636). And while there is no "per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis[,]" courts have found remand warranted where the ALJ fails to assess a "contested" function that is "critically relevant to determining [a claimant's] disability status . . . ." *Dowling*, 986 F.3d at 388-89 (remanding case where the ALJ failed to evaluate the plaintiff's ability to sit when it was a contested function critical to determining the plaintiff's disability status, and stating that the ALJ should have included "an analysis [of plaintiff's ability to sit] that was separate from the ALJ's appraisal of [the plaintiff's] ability to perform other functions, and [this analysis] should have been accompanied by 'a narrative discussion describing' the evidence supporting it").

---

[5] As discussed above, the ALJ never expressly found in the written decision that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms *were not entirely consistent* with the medical evidence and other evidence in the record. *See* Tr. 1576. Nevertheless, as the ALJ's written finding to the contrary appears to be a typographical error, the court considers the merits of the Commissioner's argument here.

13

Here, the ALJ's consideration of Plaintiff's ability to stand and walk is closely tied to the ALJ's consideration of Plaintiff's allegations of pain, except that Plaintiff's allegations of knee pain are additional. The court notes that Plaintiff's allegations regarding the limiting effects of her knee pain appear to be additionally relevant here. Accordingly, the ALJ's failure to consider Plaintiff's allegations of pain pursuant to *Oakes* and *Arakas* discussed above on the previous issue apply with equal force here.

In light of the decision to remand this case for the reasons discussed above, the court need not make a definitive finding on whether the ALJ's consideration and explanation regarding Plaintiff's ability to stand and walk provide an independent basis for remand. On remand, however, it will be incumbent on the ALJ to properly consider all relevant evidence and to explain the findings as to the weight afforded the evidence in accordance with the applicable law and regulations. The ALJ should also include a narrative discussion of how the evidence supports the conclusions reached, in order to facilitate meaningful review if this case is again before the court.

## VII. CONCLUSION

For the reasons stated above, the court allows Plaintiff's brief [DE-13], denies Defendant's brief [DE-16], and REMANDS this matter to the Commissioner for further proceedings consistent with this order.

SO ORDERED, this 28th day of September, 2025.

Brian S. Meyers
United States Magistrate Judge